### ROMANOFF CIGARETTE CO. v. VUCCINO.

(Supreme Court, Special Term, New York County.  May 7, 1909.)

TRADE-MARKS AND TRADE-NAMES (§ 95*)—UNLAWFUL COMPETITION—PRELIMINARY INJUNCTION.

    Plaintiff manufactured and sold cigarettes under the name "Romanoff" and "Salambo," while defendants put up similar cigarettes under the names "Ivanoff" and "Salome." Defendant also imitated the typography of plaintiff's price lists, and one of plaintiff's packages, on which nearly all of the printing was covered by a label placed over it transversely, was so closely imitated by defendant that the difference could be detected only by close scrutiny. In other respects there was hardly any danger of diversion of trade by similarity of package, and both of the packages were duplicates of packages previously designed by defendant, marked "Russian Cigarettes," containing Russian characters with an embossed eagle in different colors. Held that, since defendant exceeded his rights only with reference to the transverse label and price lists, complainant would be denied an injunction pendente lite on defendant's giving an undertaking to answer a judgment in such sum as might be fixed; otherwise, the injunction would be granted as against such unlawful infringement.

    [Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Dec. Dig. § 95.*]

Suit by the Romanoff Cigarette Company against one Vuccino. On application for preliminary injunction pendente lite.  Denied on terms.

Charles Dushkind, for plaintiff.
Irving C. Fox, for defendant.

HENDRICK, J.   Plaintiff asks for an injunction pendente lite restraining defendant from imitating its cigarette packages.  Defendant files a batch of affidavits from houses like Delmonico's and the Waldorf to the effect that they deal in the products of both parties hereto, and none of them have ever been deceived into accepting one for the other.  Some of plaintiff's affidavits are from smokers, who have purchased defendant's goods, supposing them to be plaintiff's.  Plaintiff's brands are "Romanoff" and "Salambo."  Defendant's are "Ivanoff" and "Salome."  The names of the varieties given to plaintiff's goods have been practically duplicated by defendant.  The typography of plaintiff's price lists have been imitated by defendant. On one of plaintiff's packages the printing has been nearly covered over by a label placed over it transversely.  This has been so closely

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

imitated by defendant that the difference can be detected, only by close scrutiny. But in other respects it can hardly be said that there is any danger of diversion of trade through similarity of package.

In the multitude of cigarettes placed on the market, marked peculiarity of package is hardly attainable. Neither of those under consideration is original, as both are duplicates of one used by Café Martin. The marks are somewhat similar. Both are marked "Russian Cigarettes," and contain some words in Russian characters. Both contain an embossed eagle, but in different colors. Defendant, Vuccino, designed both sets of packages; but neither has been used during a long period of time. Plaintiff has no proprietary interest in the Russian characters, nor in the form or color of the packages, nor in the words "Russian Cigarettes." In some of the imitations, like the transverse label and the price lists, defendant may be acting beyond his rights; but I hardly think plaintiff is entitled to an injunction in the terms prayed for.

The motion is denied, if defendant give to plaintiff an undertaking to answer a judgment in such sum as may be fixed on the settlement of the order; otherwise, the motion is granted, but limited to the points above indicated.